**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Douglas Adacia aka Adacia Douglas,** ) | **CASE NO. 1:25 CV 1336** |
| ) | |
| Plaintiff, ) | **JUDGE PAMELA A. BARKER** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Bishop William Cosgrove Center, et al.,** ) | |
| ) | |
| Defendants. ) | |

**INTRODUCTION**

*Pro se* Plaintiff identifies himself as Douglas Adacia in the case caption but signs his name at the end of the Complaint as Adacia Douglas. (Doc. No. 1 at PageID #: 1, 11). He asserts claims for denial of access to courts, denial of due process, and failure to intervene, as well as claims under Ohio law for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, and tortious interference. (Doc. No. 1 at PageID #: 8). He names as Defendants the Bishop William Cosgrove Center, Catholic Charities, the City of Cleveland, the Cuyahoga County Sheriff's Department, Mayor Justin M. Bibb, Cleveland Police Chief Dorothy A. Todd, Cleveland Police Chief Constable Mark Webster, "Unknown City of Cleveland Police Officer," and Sheriff Deputy White.

This case is the third of ten cases Plaintiff has filed with similar allegations against the City of Cleveland and Cuyahoga County. *See Adacia v. Cuyahoga Cty Sheriff*, No. 1:25

1

CV 01312 (N.D. Ohio filed June 24, 2025)(Barker, J.); *Adacia v. Cuyahoga Cty Sheriff Dept.*, 1:25 CV 1326 (N.D. Ohio filed June 25, 2025)(Gaughan, J.); *Adacia v. Bishop William A. Cosgrove Center*, No. 1:25 CV 1336 (N.D. Ohio filed June 26, 2025)(Barker, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1388 (N.D. Ohio filed July 1, 2025)(Fleming, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1393 (N.D. Ohio filed July 2, 2025)(Brennen, J.); *Adacia v. Bibb*, No. 1:25 CV 1405 (N.D. Ohio filed July 3, 2025)(Gaughan, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1442 (N.D. Ohio filed July 9, 2025)(Brennen, J.); *Adacia v. City of Cleveland*, No. 1:25 CV 1469 (N.D. Ohio filed July 14, 2025)(Polster, J.); *Adacia v. Bibb*, No. 1:25 CV 1484 (N.D. Ohio filed July 15, 2025)(Fleming, J.); *Adacia v. Focus Cleveland*, No. 1:25 CV 1516 (N.D. Ohio filed July 21, 2025). Plaintiff frequently visits City of Cleveland and Cuyahoga County offices and requests the production of public records. It is not clear what type of records he is seeking or the manner in which he issues his requests; however, both the City of Cleveland and Cuyahoga County have deemed his behavior disruptive enough to issue no trespass orders barring him from City and County public buildings. The Complaints allege that the Mayor of Cleveland, the Cleveland Chief of Police, and the Cuyahoga County Sheriff's Department formed a street gang and recruited law enforcement officers and civilians to target him for violence.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**BACKGROUND**

Plaintiff's Complaint is difficult to decipher and irrational. He claims that from December 1, 2023 to the present date, Cleveland Police Officers would order citizens to spit on him and rob him for his book bag, money and cellular telephone. He states that the

sheriff's office also helps orchestrate the recruiting of gang members and covers up crimes. He contends that Deputy White works inside the welfare office and ordered gang members to violently assault him and rob him. He states that the police are security guards at the Cosgrove Center and help feed meals. He claims the staff intentionally put human feces, urine, spit and blood in his food and drinks. He claims the police give criminals guns to shoot and rob him. He states that the Defendants ordered him to go inside the Cosgrove Center bathroom where he was sexually assaulted at gun point and robbed. He contends they ordered him to delete cell phone video of the police. He states that when he attempted to report the incidents to the Cleveland police, they refused to take a report. He claims they attempt to set him up with false criminal charges in this district and in south Florida. He states that all of the Defendants terrorize him and physically abuse him. He states they threw itching powder on him and sprayed him with chemical substances that made his skin burn and made him nauseous. He claims the Defendants shoot him with tazers all over his body causing him to urinate and defecate in his clothes in public areas. He indicates that they recruit citizens to help them by offering rewards like money, cars, clothes, jewelry, plea bargains, housing, food, and drugs. Plaintiff alleges that Mayor Bibb and Police Chief Dorothy Todd orchestrate and plan out the attacks on him and conspire with each other to recruit gang members willing to rob, assault or kill him. He states that each of the Defendants is subject to suit under 42 U.S.C. § 1983.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

**DISCUSSION**

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just

4

such a Complaint. It does not contain a coherent, rational statement of facts, or a plausible legal claim.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                s/*Pamela A. Barker*
                                                PAMELA A. BARKER
Date: July 29, 2025                    U. S. DISTRICT JUDGE